FILED
5/30/2012
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Gilbert Lee and Rameda Lee, ) | |
| ) | Case No. 11-cv-7554 |
| Plaintiffs, ) | |
| ) | |
| v. ) | Judge Robert Gettleman |
| ) | |
| Deutsche Bank National Trust Company, ) | Magistrate Judge Susan Cox |
| and Kluever & Platt, LLC ) | |
| ) | JURY DEMAND |
| Defendants. ) | |

## FIRST AMENDED COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiffs seek redress in this action for defendants' debt collection practices under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Illinois Consumer Fraud Act, 815 ILCS 502/2 ("ICFA") The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt. The ICFA broadly prohibits unfair or deceptive acts or practices.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1331 (general federal question), §1337, and 15 U.S.C. §1692k(d) (the FDCPA). Jurisdiction over the state law claim is conferred by 28 U.S.C. § 1367. This Court Venue in this District is proper because plaintiff resides here and defendants transact business here.

### PARTIES

3. Plaintiffs, Gilbert and Rameda Lee, reside in Broadview, Illinois.

4. Plaintiffs are consumers as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant Deutsche Bank National Trust Company ("Deutsche Bank") Is a non-deposit trust company located at 300 South Grand Avenue, 41st Floor, Los Angeles, CA, 90071).

6. Defendant Kluever & Platt LLC ("Kluever") is an Illinois Limited Liability Corporation with their primary place of business at 65 E Wacker Place #2300, Chicago IL 60601.

7. Kluever holds itself out as concentrating its practice between commercial creditors rights and residential mortgage loan default recovery. According to its website, it represents residential mortgage loan services in all aspects of default servicing and recovery.

8. Defendants are debt collector under the FDCPA as they regularly collect debts owed or due or asserted to be owed or due to another.

9. Deutsche Bank is a debt collector as it was assigned plaintiffs' mortgage after the loan was considered to be in default by the mortgage servicer. *See Exhibit 1*, assignment of mortgage to Deutsche Bank that it attached to the complaint to foreclose Lee's mortgage.

10. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## FACTS

11. On September 9, 2008, Plaintiffs filed a joint petition for Chapter 7 Bankruptcy which listed the mortgage loan on their property at 1941 S 23rd Ave, Broadview, IL 60155 as one of their debts.

12. Plaintiffs' debts were successfully discharged by the court on December 29, 2008 and the mortgage loan was not reaffirmed.

13. Plaintiffs continued to make monthly payments to their mortgage servicer, Select Portfolio Servicing (SPS).

14. In August 2010, Plaintiffs ceased making monthly mortgage payments to SPS as the result of seeking a loan modification.

15. Prior to December 16, 2010, Select Portfolio Servicing considered plaintiffs' mortgage in default.

16. On December 16, 2010, plaintiffs' mortgage on the property located at 1941 S 23rd Ave, Broadview, IL 60155 was assigned to Deutsche Bank National Trust Co.

17. On December 31, 2010, SPS mailed plaintiffs a letter in response to plaintiffs previous requests for documentation regarding plaintiffs' mortgage loan.

18. In this letter, SPS notified plaintiffs that, as a result of plaintiffs' bankruptcy discharge plaintiffs have no obligation to make payments to SPS but that SPS retained an interest in the property against which the mortgage was secured.

19. On January 10, 2011, Deutsche Bank filed a Complaint for Foreclosure and Other Relief in the Circuit Court of Cook County, Chancery Division against Gilbert and Rameda Lee.

20. In this complaint, case 11-CH-00891, Deutsche Bank alleges that plaintiffs are in default on their mortgage note and seeks to collect at least $182,968.17 dollars in principle and interest due on the mortgage loan in addition to execution of Deutsche Bank's security interest in the property.

21. By filing the complaint against Plaintiffs and seeking payment of a debt that had been discharged in bankruptcy, Defendant forced Plaintiffs to hire attorneys and incur costs and

attorney fees to defend the unfair an deceptive demand for payment.

22. Plaintiffs' financial liability under the mortgage loan was discharged in their bankruptcy case in December 2008.

## CLASS ALLEGATIONS

23. Plaintiffs bring this claims on behalf of three classes.

24. The Kluever FDCPA class consists of all natural persons in the state of Illinois which Kluever sued or otherwise contacted between October 6, 2010 and October 6, 2011 for payment of a debt that was previously discharged in bankruptcy.

25. The Deutsche Bank FDCPA class consists of all natural persons in the state of Illinois which Deutsche Bank or somebody on its behalf sued or otherwise contacted between October 6, 2010 and October 6, 2011 for payment of a debt that was previously discharged in bankruptcy.

26. The Deutsche Bank ICFA class consists of all natural persons in the state of Illinois which Deutsche Bank or somebody on its behalf sued or otherwise contacted between October 6, 2008 and October 6, 2011 for payment of a debt that was previously discharged in bankruptcy

27. The classes are so numerous that joinder is impracticable. On information and belief, there are at least 30 persons in the Kluever FDCPA class and more than 50 members in the Deutsche Bank FDCPA and Deutsche Bank ICFA classes.

28. There are questions of law and fact common to the members of the classes, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether defendants' actions violate the FDCPA or ICFA as

to Deutsche.

29. Plaintiffs' claim is typical of the claims of the class members. All are based on the same factual and legal theories.

30. Plaintiffs will fairly and adequately represent the interests of the class members. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

31. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

**Count I - Fair Debt Collection Practices Act**

32. Plaintiff repeats, re-alleges, and incorporates by reference the above factual allegations.

33. Defendants violated the FDCPA. Defendants' violations include, but are not limited to the following:

34. Defendants violated 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(8), 15 U.S.C. § 1692e(10), and 15 U.S.C. §1692f(1), by falsely representing the legal status of the debt in the complaint filed on January 10, 2011.

35. Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692f by using deceptive means to attempt to collect a debt, namely by falsely representing that Plaintiffs were obligated to repay the original mortgage debt, when in fact the debt was extinguished through discharge in bankruptcy.

36. Defendants violated 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(8), 15 U.S.C. § 1692e(10), and 15 U.S.C. §1692f(1), by falsely representing the amount of the debt in the

complaint and collection letters.

37. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiffs in the sum of Plaintiffs' actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiffs and the FDCPA class and against both defendants for:

    a. Statutory damages;

    b. Actual damages, including any filing fees in the underlying lawsuit, payments towards principal, late fees or interest paid as a result of any collection attempts;

    c. Attorney's fees, litigation expenses and costs of suit;

    d. Such other or further relief as the Court deems appropriate.

### Count II - Illinois Consumer Fraud Act

38. Plaintiffs incorporate the above factual allegations herein. This count is against Deutsche Bank only.

39. Section 2 of the Consumer Fraud Act provides:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965 [815 ILCS 510/2], in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5 (a) of the Federal Trade Commission Act

[15 U.S.C. § 45].

40. Defendant Deutsche Bank negligently or intentionally engaged in unfair and deceptive acts and practices, in violation of 815 ILCS 505/2, by:

    (1)    demanding payment from Plaintiffs and the class members of debts that had been discharged in bankruptcy; and

    (2)    falsely representing that payments were due on debts that had been discharged in bankruptcy.

41. Deutsche Bank engaged in such conduct in the course of trade and commerce.

42. Plaintiffs and each class member was damaged by Deutsche Bank's conduct as they were either forced to pay an appearance fee and/or attorneys fees to defend such an action or had a default judgment entered against them providing for a deficiency judgment and attorney fees and costs.

43. Deutsche Bank's actions were especially oppressive as to the class members, whom, like plaintiffs, they sued for the deficiency and there was no way for plaintiffs and these class members to avoid Deutsche Bank seeking a deficiency and attorney fees and costs.

44. Deutsche Bank's actions violated Illinois pubic policy as Illinois does not allow a bank to seek deficiency judgments and attorney fees where the debtors were discharged in bankruptcy.

WHEREFORE, Plaintiffs request that the court enter judgement in favor of plaintiffs and the ICFA class and against Deutsche Bank for:

    1.    Compensatory damages;

    2.    Punitive damages;

    3.    Attorney's fees, litigation expenses and costs of suit;

4. A permanent injunction prohibiting Deutsche Bank from demanding payment of discharged debts; and

5. Such other or further relief as the Court deems proper.

Respectfully submitted,

By: s/ Craig M. Shapiro

Keith J. Keogh
Craig Shapiro
Timothy Sostrin
Keogh Law, Ltd.
101 N. Wacker Dr., Suite 605
Chicago, Il 60606
312.726.1092/312.726.1093 (fax)

**JURY DEMAND**

Plaintiffs demand trial by jury.

s/ Craig M. Shapiro
  Craig M. Shapiro

# EXHIBIT 1

Case: 1:11-cv-07554 Document #: 43-1 Filed: 05/18/12 Page 9 of 12 PageID #:594



Recording Requested By:
RICHMOND MONROE GROUP

Doc#: 1106941086 Fee: $38.00
Eugene "Gene" Moore RHSP Fee:$10.00
Cook County Recorder of Deeds
Date: 03/10/2011 11:33 AM Pg: 1 of 2

When Recorded Return To:

RICHMOND MONROE GROUP
PO BOX 458
KIMBERLING CITY, MO 65686

KLUEVER & PLATT, LLC
Attorneys at Law
65 East Wacker Place
Suite 2300
Chicago, Illinois 60601

## CORPORATE ASSIGNMENT OF MORTGAGE
Cook, Illinois   SELLER'S SERVICING #: 0011097789   "LEE"
INVESTOR #: P64
MERS #: 100180100002730727   VRU #: 1-888-679-6377

Assignment Prepared on: December 16th, 2010.

Assignor: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ("MERS") AS NOMINEE FOR ENCORE CREDIT CORP. A CALIFORNIA CORPORATION ITS SUCCESSORS AND ASSIGNS at C/O SELECT PORTFOLIO SERVICING, INC. 3815 SOUTH WEST TEMPLE, SALT LAKE CITY, UT 84115.
Assignee: DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE ENCORE CREDIT RECEIVABLES TRUST 2005-4 at C/O SELECT PORTFOLIO SERVICING, INC. 3815 SOUTH WEST TEMPLE, SALT LAKE CITY, UT 84115.

Executed By: GILBERT D LEE AND RAMEDA L LEE, HUSBAND AND WIFE  To: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR ENCORE CREDIT CORP. A CALIFORNIA CORPORATION
Date of Mortgage: 09/16/2005  Recorded: 10/14/2005  as Instrument No.: 0528739040 In Cook, Illinois.

Assessor's/Tax ID No. 15-15-310-014

Property Address: 1941 SOUTH 23RD AVENUE, BROADVIEW, IL 60155

Legal: THE LAND REFERRED TO IN THIS COMMITMENT IS DESCRIBED AS FOLLOWS:

LOT 355 IN CUMMINGS AND FOREMAN REAL ESTATE CORPORATION ROOSEVELT ROAD AND 17TH AVENUE SUBDIVISION OF LOTS 1 TO 5, 7 AND 8 IN THE OWNERS PARTITION OF THE SOUTH ACRES OF THE WEST HALF OF SECTION 15, TOWNSHIP 39 NORTH, RAGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS; SITUATED IN COOK COUNTY IN THE STATE OF ILLINOIS.

KNOW ALL MEN BY THESE PRESENTS that in consideration of the sum of TEN and NO/100ths DOLLARS and other good and valuable consideration, paid to the above named Assignor, the receipt and sufficiency of which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said Mortgage together with other evidence of indebtedness, said Mortgage having an original principal sum of $168,150.00 with interest, secured thereby, together with all moneys now owing or that may hereafter become due or owing in respect thereof, and the full benefit of all the powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's beneficial interest under the Mortgage.

TO HAVE AND TO HOLD the said Mortgage, and also the said property unto the said Assignee forever, subject to the terms contained in said Mortgage.

*AMJ*AMJAMRC*12/16/2010 03:49:05 PM* AMRC2BAMRCA00000000000000455119* ILCOOK* 0011097789 ILSTATE_MORT_ASSIGN_ASSN *AMJ*AMJAMRC*


EXHIBIT C

CORPORATE ASSIGNMENT OF MORTGAGE Page 2 of 2

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ("MERS")
On: 12/21/10
By: _____
Greg Ott, Vice President


SEAL 1999

STATE OF Utah
COUNTY OF Salt Lake

On 12/21/10, before me, KIMBERLY CLARK, a Notary Public in and for Salt Lake in the State of Utah, personally appeared Greg Ott, Vice President, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ("MERS") AS NOMINEE FOR ENCORE CREDIT CORP. A CALIFORNIA CORPORATION ITS SUCCESSORS AND ASSIGNS, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

_____
KIMBERLY CLARK
Notary Expires: 12/11/2011 #572135

KIMBERLY CLARK
Notary Public State of Utah
My Commission Expires on:
December 11, 2011
Comm. Number: 572135

(This area for notarial seal)

Prepared By: BILL KOCH, SELECT PORTFOLIO SERVICING, INC. 3815 S W TEMPLE, SALT LAKE CITY, UT 84115
801-313-2242

*AMJ*AMJAMRC*12/16/2010 03:49:05 PM* AMRC28AMRCA000000000000000455119* ILCOOK* 0011097789 ILSTATE_MORT_ASSIGN_ASSN *AMJ*AMJAMRC*

## NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT, (the "Act"), 15 U.S.C. Section 1601 as Amended

1. The amount of the debt is stated in paragraph four of the Complaint attached hereto.

2. The plaintiff as named in the attached Summons and Complaint is the creditor to whom the debt is owed or is the servicing agent for the creditor to whom the debt is owed.

3. The debt described in the complaint attached hereto and evidenced by the copy of the mortgage note attached hereto and evidenced by the copy of the mortgage note attached hereto will be assumed to be valid by the creditor's law firm, unless the debtor, within thirty days after the receipt of this notice, disputes, in writing, the validity of the debt or some portion thereof.

4. If the debtor notifies the creditor's law firm (see paragraph 6 below) in writing within thirty days of the receipt of this notice that the debt or any portion thereof is disputed, the creditor's law firm will obtain a verification of the debt and a copy of the verification will be mailed to the debtor by the creditor's law firm.

5. The name of the original creditor is set forth in the Mortgage and Note attached hereto. If the creditor named as Plaintiff in the attached summons and Complaint is not the original creditor, and if the debtor makes a written request to the creditor's law firm within thirty days from the receipt of this notice, the name and address of the original creditor will be mailed to the debtor by the creditor's law firm.

6. Written requests should be addressed to Kluever & Platt, LLC, 65 E. Wacker Place, Ste. 2300, Chicago, Illinois 60601.