**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GILBERT LEE and RAMEDA LEE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 11-cv-07554 |
| ) | |
| DEUTSCHE BANK NATIONAL TRUST ) | Judge Robert Gettleman |
| COMPANY and KLUEVER & PLATT, LLC, ) | Magistrate Judge Susan Cox |
| ) | |
| Defendants. ) | |
| ) | |

**ANSWER TO FIRST AMENDED COMPLAINT**

Defendant, KLUEVER & PLATT, LLC ("K&P"), by its attorneys, David M. Schultz and Corinne C. Heggie, and for its Answer to Plaintiffs' First Amended Complaint, states:

1. Plaintiffs seek redress in this action for defendants' debt collection practices under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Illinois Consumer Fraud Act, 815 ILCS 502/2 ("ICFA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt. The ICFA broadly prohibits unfair or deceptive acts or practices.

**ANSWER: Defendant admits that plaintiffs allege a cause of action against it under the Fair Debt Collection Practices Act (FDCPA). Defendant denies plaintiffs have alleged meritorious claims against it under the FDCPA and denies that plaintiffs are entitled to any damages whatsoever. Defendant denies plaintiffs allege a cause of action against it under the Illinois Consumer Fraud Act.**

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 (general federal question), §1337, and 15 U.S.C. §1692k(d) (the FDCPA). Jurisdiction over the state law claim is conferred by 28 U.S.C. § 1367. This Court Venue in this District is proper because plaintiff resides here and defendants transact business here.

**ANSWER:** **Defendant does not contest jurisdiction is proper under the FDCPA. Defendant does not contest venue. Defendant denies 28 U.S.C. § 1367 applies as plaintiff alleges no state claims allege against it.**

## PARTIES

3. Plaintiffs, Gilbert and Rameda Lee, reside in Broadview, Illinois.

**ANSWER:** **According to defendant's records, defendant admits plaintiffs reside in Broadview, Illinois.**

4. Plaintiffs are consumers as defined by the FDCPA, 15 U.S.C. § 1692a(3).

**ANSWER:** **Defendant admits the allegations contained in paragraph 4.**

5. Defendant Deutsche Bank National Trust Company ("Deutsche Bank") is a non-deposit trust company located at 300 South Grand Avenue, 41st Floor, Los Angeles, CA, 90071).

**ANSWER:** **The allegations contained in paragraph 5 are not directed to this defendant. To the extent a response is deemed necessary, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 5.**

6. Defendant Kluever & Platt LLC ("Kluever") is an Illinois Limited Liability Corporation with their primary place of business at 65 E Wacker Place #2300, Chicago IL 60601.

**ANSWER:** **Defendant admits the allegations contained in paragraph 6.**

7. Kluever holds itself out as concentrating its practice between commercial creditors rights and residential mortgage loan default recovery. According to its website, it represents residential mortgage loan services in all aspects of default servicing and recovery.

**ANSWER:** **Defendant admits the allegations contained in paragraph 7.**

8. Defendants are debt collector under the FDCPA as they regularly collect debts owed or due or asserted to be owed or due to another.

**ANSWER:** **Defendant admits the allegations contained in paragraph 8.**

9. Deutsche Bank is a debt collector as it was assigned plaintiffs' mortgage after the loan was considered to be in default by the mortgage servicer. *See Exhibit 1*, assignment of mortgage to Deutsche Bank that it attached to the complaint to foreclose Lee's mortgage.

**ANSWER:** **The allegations contained in paragraph 9 are not directed to this defendant. To the extent a response is deemed necessary, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 9.**

10. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

**ANSWER:** **Defendant admits it is a debt collector for FDCPA purposes.**

## FACTS

11. On September 9, 2008, Plaintiffs filed a joint petition for Chapter 7 Bankruptcy which listed the mortgage loan on their property at 1941 S 23rd Ave, Broadview, IL 60155 as one of their debts.

**ANSWER:** **Defendant admits the allegations contained in paragraph 11.**

12. Plaintiffs' debts were successfully discharged by the court on December 29, 2008 and the mortgage loan was not reaffirmed.

130354808v1 0929090

**ANSWER:** **Defendant admits plaintiffs' debts were discharged by the bankruptcy court on December 29, 2008. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 12.**

13. Plaintiffs continued to make monthly payments to their mortgage servicer, Select Portfolio Servicing (SPS).

**ANSWER:** **Defendant admits the allegations contained in paragraph 13.**

14. In August 2010, Plaintiffs ceased making monthly mortgage payments to SPS as the result of seeking a loan modification.

**ANSWER:** **Defendant admits plaintiffs ceased making their monthly mortgage payments. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 14.**

15. Prior to December 16, 2010, Select Portfolio Servicing considered plaintiffs' mortgage in default.

**ANSWER:** **Defendant denies the allegations contained in paragraph 15.**

16. On December 16, 2010, plaintiffs' mortgage on the property located at 1941 S 23rd Ave, Broadview, IL 60155 was assigned to Deutsche Bank National Trust Co.

**ANSWER:** **The allegations contained in paragraph 16 are not directed to this defendant. To the extent a response is deemed necessary, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 16.**

17. On December 31, 2010, SPS mailed plaintiffs a letter in response to plaintiffs previous requests for documentation regarding plaintiffs' mortgage loan.

4

**ANSWER:** **Defendant admits SPS sent a letter to plaintiffs dated December 31, 2010. Defendant denies the remaining allegations contained in paragraph 17.**

18. In this letter, SPS notified plaintiffs that, as a result of plaintiffs' bankruptcy discharge plaintiffs have no obligation to make payments to SPS but that SPS retained an interest in the property against which the mortgage was secured.

**ANSWER:** **Defendant admits SPS notified plaintiffs they had no obligation to make payments on their mortgage. Defendant denies the remaining allegation contained in paragraph 18.**

19. On January 10, 2011, Deutsche Bank filed a Complaint for Foreclosure and Other Relief in the Circuit Court of Cook County, Chancery Division against Gilbert and Rameda Lee.

**ANSWER:** **Defendant admits a Complaint for Foreclosure and Other Relief was filed against Gilbert and Rameda Lee in the Circuit Court of Cook County January 10, 2011 by Deutsche National Trust Company as Trustee for the Encore Credit Receivables Trust 2005-4. Defendant denies the remaining allegations contained in paragraph 19.**

20. In this complaint, case 11-CH-00891, Deutsche Bank alleges that plaintiffs are in default on their mortgage note and seeks to collect at least $182,968.17 dollars in principle and interest due on the mortgage loan in addition to execution of Deutsche Bank's security interest in the property.

**ANSWER:** **Defendant denies the allegations contained in paragraph 20.**

21. By filing the complaint against Plaintiffs and seeking payment of a debt that had been discharged in bankruptcy, Defendant forced Plaintiffs to hire attorneys and incur costs and attorney fees to defend the unfair and deceptive demand for payment.

**ANSWER:** **Defendant denies the allegations contained in paragraph 21.**

22. Plaintiffs' financial liability under the mortgage loan was discharged in their bankruptcy case in December 2008.

**ANSWER:** **Defendant denies the allegations contained in paragraph 22.**

## CLASS ALLEGATIONS

23. Plaintiffs bring these claims on behalf of three classes.

**ANSWER:** **Defendant admits plaintiffs allege three putative classes. Defendant denies any class exists or that any class should be certified.**

24. The Kluever FDCPA class consists of all natural persons in the state of Illinois which Kluever sued or otherwise contacted between October 6, 2010 and October 6, 2011 for payment of a debt that was previously discharged in bankruptcy.

**ANSWER:** **Defendant admits plaintiffs allege an FDCPA class as set forth in paragraph 24 against it. Defendant denies that a class exists or that a class should be certified.**

25. The Deutsche Bank FDCPA class consists of all natural persons in the state of Illinois which Deutsche Bank or somebody on its behalf sued or otherwise contacted between October 6, 2010 and October 6, 2011 for payment of a debt that was previously discharged in bankruptcy.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 25.**

26. The Deutsche Bank ICFA class consists of all natural persons in the state of Illinois which Deutsche Bank or somebody on its behalf sued or otherwise contacted between October 6, 2008 and October 6, 2011 for payment of a debt that was previously discharged in bankruptcy.

130354808v1 0929090

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 26.**

27. The classes are so numerous that joinder is impracticable. On information and belief, there are at least 30 persons in the Kluever FDCPA class and more than 50 members in the Deutsche Bank FDCPA and Deutsche Bank ICFA classes.

**ANSWER:** **Defendant denies the first sentence of paragraph 27. Defendant denies there are 30 people in the FDCPA Kluever class. Defendant lacks knowledge or information sufficient to form a belief about the truth as to the remaining allegations in the second sentence of paragraph 27.**

28. There are questions of law and fact common to the members of the classes, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether defendants' actions violate the FDCPA or ICFA as to Deutsche.

**ANSWER:** **Defendant denies that a class exists or that a class should be certified and therefore denies the allegations contained in paragraph 28.**

29. Plaintiffs' claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER:** **Defendant denies that a class exists or that a class should be certified and therefore denies the allegations contained in paragraph 29.**

30. Plaintiffs will fairly and adequately represent the interests of the class members. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

**ANSWER:** **Defendant denies that a class exists or that a class should be certified and therefore denies the allegations contained in paragraph 30.**

130354808v1 0929090

31. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

**ANSWER:** **Defendant denies that a class exists or that a class should be certified and therefore denies the allegations contained in paragraph 31.**

## Count I - Fair Debt Collection Practices Act

32. Plaintiff repeats, re-alleges, and incorporates by reference the above factual allegations.

**ANSWER:** **Defendant restates its answers to the allegations above as and for its answer to paragraph 32.**

33. Defendants violated the FDCPA. Defendants' violations include, but are not limited to the following:

**ANSWER:** **Defendant denies the allegations contained in paragraph 33.**

34. Defendants violated 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(8), 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f(1), by falsely representing the legal status of the debt in the complaint filed on January 10, 2011.

**ANSWER:** **Defendant denies the allegations contained in paragraph 34.**

35. Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692f by using deceptive means to attempt to collect a debt, namely by falsely representing that Plaintiffs were obligated to repay the original mortgage debt, when in fact the debt was extinguished through discharge in bankruptcy.

**ANSWER:** **Defendant denies the allegations contained in paragraph 35.**

36. Defendants violated 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(8), 15 U.S.C. § 1692e(10), and 15 U.S.C. §1692f(1), by falsely representing the amount of the debt in the complaint and collection letters.

**ANSWER:** Defendant denies the allegations contained in paragraph 36.

37. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiffs in the sum of Plaintiffs' actual damages, statutory damages, and costs and attorney's fees.

**ANSWER:** Defendant denies the allegations contained in paragraph 37.

### Count II - Illinois Consumer Fraud Act

Kluever & Platt, LLC makes no answer to the allegations in Count II of Plaintiffs' First Amended Complaint as the claims are not directed towards it.

WHEREFORE, Defendant, Kluever & Platt, LLC, respectfully requests that judgment be entered in its favor and against Plaintiffs on Count I of Plaintiffs' First Amended Complaint.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant states that any violation of the FDCPA, which it denies occurred, was the result of a bona fide error that occurred despite its maintenance of procedures reasonably designed to avoid such error. *See* 15 U.S.C. §1692k. K&P's practice is to investigate and document bankruptcy activity. When an account is referred to K&P, a clerk checks the Pacer dockets for bankruptcy activity at the time of referral for each borrower's name and/or social security number if available. If no bankruptcy matters are found, the clerk saves the Pacer bankruptcy search results for the referral. If a bankruptcy is located for the borrower(s), it is documented, *i.e.* Chapter 13, Chapter 7, discharged, etc. and the corresponding petition and entered order from relief from stay are saved to the appropriate folder for the referral. Before a foreclosure proceeds to judgment, regardless of whether a bankruptcy is or is not documented, K&P checks the Pacer dockets again and will update the bankruptcy status accordingly. K&P

also checks bankruptcy status before sale regardless of whether a bankruptcy is or is not documented. Additionally, K&P regularly receives notices from bankruptcy courts and will properly update its files to document the bankruptcies.

The Seventh Circuit has consistently held that an FDCPA defendant can assert the bona fide error defense when the alleged violations were unintentional and occurred despite procedures to avoid contacting debtors who incurred a debt discharged in bankruptcy. *Jenkins v. Heinz,* 124 F.3d 824 (7th Cir.1997); *Hyman v. Tate,* 362 F.3d 965 (7th Cir.2004); *Ross v. RJM Acquisitions Funding LLC,* 480 F.3d 493 (7th Cir. 2007). According to *Jenkins* and *Hyman,* K&P does not have to undertake the bankruptcy investigation that it does and can rely on its clients' information. *Jenkins v. Heinz,* 124 F.3d 824 (7th Cir. 1997) (debt collector has the right to rely on information provided by the client-creditor and has no obligation to undertake an independent debt validity investigation); *Hyman,* at 967-8. Moreover, under *Ross,* the Seventh Circuit upheld procedures that involved bankruptcy searches as reasonable. *Ross,* at 490.

### Second Affirmative Defense

K&P states that plaintiffs have failed to state a claim against it because when plaintiffs were served with the complaint in case number 11-CH-00891, they knew the mortgage loan/debt was previously discharged in their bankruptcy and no longer owed. *Turner v. J.V.D.B.,* 330 F.3d 991 (7th Cir. 2003); *Turner,* 330 F,Supp.2d 998 (N.D.Ill. 2004); *Turner,* 483 F.Supp.2d 631, 635 (N.D.Ill.2007).

### Third Affirmative Defense

Defendant states that plaintiffs suffered no damages from the allegation violations they attribute to K&P and therefore are not entitled to any award of damages, attorneys fees or costs.

HINSHAW & CULBERTSON LLP


By: _/s/Corinne C. Heggie_____
    One of the Attorneys for Defendant,
    KLUEVER & PLATT, LLC

David M. Schultz
Corinne C. Heggie
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Ste. 300
Chicago, IL 60601-1081
(312) 704-3000
dschultz@hinshawlaw.com
cheggie@hinshawlaw.com

130354808v1 0929090

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GILBERT LEE and RAMEDA LEE, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 11-cv-07554 |
| v. | ) |
| | ) Judge Gettleman |
| DEUTSCHE BANK NATIONAL TRUST | ) Magistrate Judge Cox |
| COMPANY and KLUEVER & PLATT, LLC, | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I, the undersigned, an attorney, on oath state that on **June 14, 2012,** I served the above and foregoing **Defendant, Kluever & Platt, LLC's Answer to First Amended Complaint** via electronic mail to the following:

Craig M. Shapiro
Keogh Law, Ltd.
101 No. Wacker Dr., #605
Chicago, IL 60606
cshapiro@keoghlaw.com

Douglas R. Sargent
Simon A. Fleischmann
Locke Lord LLP
111 South Wacker Dr.
Chicago, IL 60606
dsargent@lockelord.com
sfleischmann@lockelord.com

                       Respectfully submitted,

                By:    */s/Corinne C. Heggie*
                     One of the Attorneys for Defendant,
                     Kluever & Platt, LLC

David M. Schultz
Corinne C. Heggie
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, IL 60601-1081
312-704-3000 - (f) 312-704-3001
dschultz@hinshawlaw.com
cheggie@hinshawlaw.com

130354808v1 0929090